MARTHA COOPER *v.* WM. COOPER'S HEIRS AND CREDITORS.

**Army and Navy—Soldier—Arrears of Pay—Who Entitled.**

The government having paid the arrears to the widow, it must be presumed that she brought herself within the provisions of the law, although the fact that the payment has been made to her may not be conclusive as to her right to retain the money as against her husband's creditors, it at least makes out a prima facie case in her favor.

APPEAL FROM MORGAN CIRCUIT COURT.

October 17, 1871.

OPINION BY JUDGE LINDSAY:

The intestate Wm. Cooper was, or had been, a lieutenant in the army of the United States, and at the time of his death there remained due and unpaid to him arrears of pay amounting to over one thousand dollars. These arrears were applied for and received from the Federal government by the appellant, who is his widow. She is also his administratrix. She prosecutes this appeal from a judgment of the Morgan circuit court, requiring her to account for the monies thus received as assets of the estate of her intestate.

The 6th section of an act of Congress, approved July 22, 1861, entitled "An act to authorize the employment of volunteers to aid in enforcing the laws and protecting public property," reads, "That any volunteer who may be received into the service of the United States under this act, and who may be

wounded or otherwise disabled in the service shall be entitled to the benefits which may have been or may be conferred on persons disabled in the regular service; and the widow, if there be one, and if not, the legal heirs of such as die or may be killed in the service in addition to all arrears of pay and allowances, shall receive one hundred dollars."

The statement of agreed facts in the record does not show whether Cooper died while in the service or after his discharge, nor is it shown by any proof in the record. Upon this state of case an interlocutory judgment was entered by which it was decreed that the amount thus collected from the Federal government was assets in the hands of Mrs. Cooper, held by her as administratrix.

After this, on the 24th day of November, 1869, Joel W. Ervin and A. P. Cooper filed a joint answer which they made a cross-petition against appellant charging that Cooper did not die until after his discharge from the army. The relief sought by these defendants was in the nature of the assertion of a counter-claim, and as the proceeding was in equity, appellant had twenty days within which to reply. *Civil Code, Section* 139.

Three days after the filing of this answer and before its allegations could be taken for confessed, the cause was again submitted and the court rendered a second and final judgment fixing the liability of Mrs. Cooper to account for the monies in question as assets.

It is insisted that this judgment should be affirmed because under the act of Congress she was not entitled to the arrears of pay due her deceased husband, unless he was either killed or died in the service. The language of the statute seems to imply that the widow, if there be one, is to take all arrears of pay due the soldier at the time of his death in any event, and if he dies or is killed while in the service, then she shall, in addition thereto, receive one hundred dollars. Without however determining the proper construction of the statute, for it is not now necessary to do so.

The judgment appealed from must be reversed. The government having paid the arrears to Mrs. Cooper as widow, it must be presumed that she brought herself within the provisions of the law, and though the fact that the payment has been made

to her may not be conclusive as to her right to retain the money as against her husband's creditors, it at least makes out a *prima facie* case in her favor, and those who are seeking to charge her with this money as assets must make out a case warranting the granting of such relief as they seek. No such case is made out by the pleadings and facts presented by the record before us.

Wherefore the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*Hazelrigg & Apperson & Reid, for appellant.*

*Holt, for appellee.*